## Lacy v. Lorch.

(Decided April 22, 1915.)

### Appeal from Clark Circuit Court.

Evidence.—In an action to recover a balance upon a note and mortgage, no question of law is presented, and the pleadings and evidence support the judgment.

J. A. EDGE for appellant.

J. SMITH HAYS and ELMER D. HAYS for appellee.

OPINION OF THE COURT BY JUDGE NUNN—Affirming.

The appellee, who was the plaintiff below, recovered a judgment against appellant Lacy for a $700 balance due upon a $1,000 note and mortgage. Lacy appeals. No questions of law are presented. The only objection urged against the judgment is that it is not supported by the evidence.

The controversy arises over the sale of a loan or broker's business, conducted in the name of Clark & Company. Lacy was originally the sole owner of the business. He sold a half interest in it to Lorch for $500, and, in about four months Lorch bought Lacy's remaining half for $750. After conducting the business for about two years, Lorch sold all of it back to Lacy. It is this sale that has given rise to the suit. There were $135 worth of fixtures, and notes of the estimated value of $1,300. The notes were numerous, and ranged in amount from $1 to $40, and against people of small means. The whole business, including notes, fixtures, and good will, was sold by Lorch to Lacy for $1,000 on October 30th, 1911. Lacy was to make payments in excess of $50 each month and the whole within one year from date. He made seven payments, the last being on August 3d, 1912. In April, 1913, Lorch sued to recover the balance due on the note, and enforce the mortgage given to secure it. Lacy answered with the plea that Lorch represented to him at the time of the sale that the notes "were valid and subsisting obligations," and that they were "well secured by properly executed chattel mortgages, but * * * after the execution of said note he proceeded to examine said notes, papers and mortgages, and discovered that of the notes and papers de-

livered to him $524 of the same were absolutely worth-
less    *    *    *    and did not represent valid or subsist-
ing debts    *    *    *    that many of said notes and papers
had been fully paid    *    *    *    and others    *    *    *    had
died leaving no property or estate of any sort." He
asks and prays for a further credit on the note for $524,
to which extent he says the consideration failed.

Lacy filed with his answer an itemized statement of
the bad notes going to make up the $524. He introduced
many of the makers who testified that the notes referred
to had been paid, and they produced receipts tending
to show the fact. On the other hand, it was shown for
appellee that the witnesses had owed to Clark & Com-
pany other debts than the ones referred to, and the re-
ceipts presented did not show upon which items of in-
debtedness they should go as credits or payments. Lacy
refused to bring into court the books of the company
which would identify the several transactions that the
witnesses had with the company. It appears in evidence
that, of those bad debts complained of by appellant,
$136.80 were included in his original sale by Lacy to
Lorch. It was further shown that Lacy knew the ques-
tionable character of the business and notes involved in
the transaction, and, for that reason discounted their
value. In other words, he agreed to pay $1,000 for the
business which had a face value of $1,425.

Lorch by reply says that at the time of the trade,
"Lacy went over and examined each and all of the debts
sold to him by the plaintiff, including those included in
the exhibit filed, on the books of the plaintiff, and he pur-
chased the same, having made his estimates to cover bad
debts of about $400, which he took from the face of said
debts, and took them as they were, without representa-
tion or warranty or endorsement, and without recourse
on the plaintiff, the defendant agreeing to pay the plain-
tiff therefor $1,000, evidenced by the note sued on."
These allegations are not denied. If it can be said that
the facts proven, and the undenied allegations are not
sufficient to support the judgment, then it is only neces-
sary to refer to the several letters in evidence which
Lacy wrote to Lorch in making remittances during the
year. By them he promised other and larger payments,
and in none of them does he make any complaint about
the sale. The last letter was written October 16th, 1912,
a few days before the note matured. In this letter he

asks the privilege of renewing it, and says, if permitted to renew, "I shall endeavor to make each and every payment promptly * * * until the note and mortgage is paid in full." In our opinion, the pleadings and proof support the judgment.

It is, therefore, affirmed.